WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-08133-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Travis Al Nez, | |
| Defendant. | |

The Court issued the below order following the Restitution Hearing which was held on October 22, 2018, however, it does not appear that the order made it to the Court Docket. Therefore, the order is being entered at this time.

Pending before the Court is the victim's request for restitution in this case. Both parties acknowledge that the request is governed by the VWPA. As a result, the Court must consider "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i)(II).

While the Defendant is currently without funds, the Defendant in this case did receive some higher education and has held gainful employ. To be sure, some employment opportunities may be foreclosed by the Defendant's felony conviction. Yet Defendant appears to have good potential be a productive and successful worker in the future whether self-employed or employed by others. The Defendant has provided no evidence of dependents. While the Court believes that the Defendant does have the

reasonable likelihood of being gainfully employed, the Court does not wish to impose a monthly payment obligation on the Defendant that will be so stiff that the Defendant will lose any motivation to be employed. The government does not contest this logic and does not seek a monthly restitution obligation in excess of fifty dollars. The Court has examined the evidence provided by the victim of her eligibility for restitution. Again, both parties agree that it is appropriate for the Victim to seek lost income as restitution. The evidence offered by Defendant carefully considered, establishes that the victim is entitled to restitution close to or in excess of the cap in the plea agreement of $125,000. Nevertheless, the Court finds that reasonably, the Defendant, until significantly more experienced cannot be expected to pay more than fifty dollars a month towards restitution. Therefore, calculating in the capacity of the Defendant, the Court makes a restitution award in the amount of twenty thousand dollars.

Thus the Court awards $20,000 in restitution to victim Bernita Bia and further finds:

The defendant shall pay a total of $20,100.00 in criminal monetary penalties. Having assessed the defendant's ability to pay, payments of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $50.00 over a period of 36 months to commence 60 days after the release from imprisonment. Amended Judgment to issue.

Dated this 29th day of September, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge